IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

    vs.                         Case No. 08-10008-01-JTM

Michael D. McClendon,

    Defendant.

MEMORANDUM AND ORDER

Defendant Michael D. McClendon pled guilty to Count 3 of the Indictment, which charged him with possession of cocaine with intent to distribute. (Dkt. 16). The court subsequently dismissed Counts 1 and 2 of the Indictment, and sentenced him to 151 months of imprisonment on Count 3. (Dkt. 20). After the entry of judgment, defendant, acting pro se, filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 (Dkt. 25), on the grounds that he was wrongly sentenced as a Armed Career Criminal Act (ACCA) in light of *Johnson v. United States*, No. 13-7120 (S.Ct. June 26, 2015).

The Motion to Vacate appears to lack merit, as the government points out in its Response (Dkt. 26, at 2), because McClendon was not sentenced pursuant to the ACCA as a Career Offender under U.S.S.G. § 4B1.1, but as a Career Offender pursuant to § 4D1.1, based upon an enhancement for the characteristics of the offense itself. However, the court need not resolve the issue on the merits, because, shortly after the government's response,

the defendant filed motions seeking amendment or modification of his sentence (Dkt. 27, 28) and, after these were denied, a Notice of Appeal (Dkt. 30).

In light of the appeal, the court deems the § 2255 motion premature, and that motion is hereby denied. *See United States v. De Paz*, 2006 WL 625985, *1 n. 1 (D. Kan. Jan. 26, 2006) (dismissal of premature § 2255 motion appropriate "because defendant can re-file his motion after his direct appeal is concluded," and thus "he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling").

IT IS SO ORDERED this 26th day of October, 2015.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE